## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHANIE GOODEN | Case Number |
| Plaintiff | |
| vs. | CIVIL COMPLAINT |
| RECEIVABLES PERFORMANCE MANAGEMENT, LLC | JURY TRIAL DEMANDED |
| Defendant | |

### COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Stephanie Gooden, by and through her undersigned counsel, Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant and respectfully avers as follows:

### I.    INTRODUCTORY STATEMENT

1.     Plaintiff, Stephanie Gooden (hereinafter "Plaintiff"), is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II.    JURISDICTION

2.     Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3.      Venue in this District is proper in that the Defendant maintains a location in this district and transacts business here.

### III.      PARTIES

4.      Plaintiff, Stephanie Gooden, is an adult natural person residing in Nixa, MO 65714.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5.      Defendant, Receivables Performance Management, LLC at all times relevant hereto, is and was a limited liability company engaged in the business of collecting debt within the state of Missouri and the Commonwealth of Pennsylvania with a principal place of business located at 20816 44th Ave W, Lynnwood, WA 98036 and an address at 116 Pine Street, Suite 320, Harrisburg, PA 17101.

6.      Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV.      FACTUAL ALLEGATIONS

7.      On or around November 18, 2010 Plaintiff received an initial call from an agent of the Defendant's agent, "Mr. Harrison", on an alleged debt owed to Verizon.

8.      Defendant's agent, "Mr. Harrison", offered a settlement to the Plaintiff.

9.      The original debt was for approximately $241.21.

10.     Plaintiff agreed to a settlement amount of $217.09 to be made in two payments.

11.     Plaintiff was required to make a payment of $189.00 immediately and the balance of $39.09 by December 5, 2010.

12.     On or around November 15, 2010, Plaintiff made the first payment of $189.00 on a prepaid credit card.

13.     On or around November 23, 2010, Plaintiff contacted Defendant to make the second payment of $39.09.

14.     Defendant informed the Plaintiff that he would not accept the payment.

15.     Defendant informed the Plaintiff that not paying the debt off in full from the start would affect her credit and credit score.

16.     Plaintiff told Defendant's agent it did not matter, Plaintiff just wanted to pay the settlement balance.

17.     Defendant's agent still refused to accept the payment.

18.     Plaintiff asked to be transferred to Defendant's agent, "Mr. Harrison", since Plaintiff made the original agreement with him.

19.     When transferred, Defendant's agent "Mr. Harrison" explained her credit would not be affected and explained the scoring system of utilities.

20.     Defendant's agent, "Mr. Harrison", said Plaintiff did not owe any money and would have the account marked paid in full.

21.      Plaintiff asked Defendant's agent, "Mr. Harrison", to send something in writing that the account was closed and paid in full.

22.     Defendant's agent, "Mr. Harrison", agreed to send Plaintiff a confirmation.

23.     On or around January 13, 2011, Plaintiff called Defendant's agent, "Mr. Harrison", stating she had not received a letter confirming the closing of the account.

24.    Defendant's agent, "Mr. Harrison", informed Plaintiff the last payment of $39.09 had been declined.

25.    Plaintiff reminded Defendant's agent, "Mr. Harrison", of their conversation of November 23, 201, where he assured the Plaintiff that she did not owe anything more and the account was paid in full.

26.    Defendant's agent, "Mr. Harrison", apologized and told Plaintiff he would send the letter.

27.    On or around January 18, 2011, the Plaintiff called to follow up again because she had still not received a confirmation.

28.    The Plaintiff spoke with a third agent of the Defendant, "Rondale", who informed Plaintiff he would investigate the matter and call her back in two days.

29.    Defendant's agent, "Rondale", never called the Plaintiff back.

30.    On or around January 24, 2011, Plaintiff called and spoke with Defendant's agent, "Rondale", a second time.

31.    Defendant's agent, "Rondale", stated he needed more time because his directors were in a meeting and would call her back the following morning.

32.    Plaintiff called Defendant's agent, "Rondale", on January 25, 2011, to resolve the matter.

33.    Defendant's agent, "Rondale", explained to Plaintiff that Defendant's agent, "Mr. Harrison's", communication with the Plaintiff could be taken more than one way.

34.    Defendant's agent, "Rondale", stated the Plaintiff still owed the balance.

35.    Plaintiff paid the balance of $39.09 even though she was previously assured the debt was settled.

36.     Plaintiff informed Defendant's agent, "Rondale", she was filing a complaint with the Attorney General's office.

37.     Plaintiff filed the complaint and received a response from Defendant from the Attorney General's office. **See Exhibit "A" attached hereto.**

38.     Defendant admits in their response that Defendant's agent informed Plaintiff twice the account was settled.

39.     Defendant also states in their response that Plaintiff's balance was $28.09, however, Plaintiff paid a balance of $39.09.

40.     The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

41.     The Defendant knew or should have known that their actions violated the FDCPA.  Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

42.     At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

43.     At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

## COUNT I – FDCPA

44.     The above paragraphs are hereby incorporated herein by reference.

45.     At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by the Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

46.     The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

§§1692d:        Any conduct the natural consequence of which is to harass, oppress or abuse any person;

§§1692d(5):     Caused the phone to ring or engaged any person in telephone conversations repeatedly;

§§1692e:        Any other false, deceptive or misleading representation or means in connection with the debt collection;

§§1692e(2):     Character, amount, or legal status of the alleged debt;

§§1692e(10):    Any false representation or deceptive means to collect a debt or obtain information;

§§1692f:        Any unfair or unconscionable means to collect or attempt to collect the alleged debt;

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in her favor and against Receivables Performance Management, LLC, for the following:

a.      Actual damages;

d.      Statutory damages pursuant to 15 U.S.C. §1692k;

c.      Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k;

and

d.      Such addition and further relief as may be appropriate or that the interests of

justice require.


## V.      JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.


**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

**Date:  November 16, 2011**          **BY: /s/  Brent F. Vullings**

Brent F. Vullings, Esquire
Warren & Vullings, LLP
93 Old York Road, Suite 333
Jenkintown, PA  19046
215-745-9800   Fax 215-745-7880
Attorney for Plaintiff
bv@w-vlaw.com